## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

HARSHDEEP SINGH,          )
          )
   **Petitioner,**          )
          )
**v.**          )      **Case No. CIV-26- 601-SLP**
          )
**MARKWAYNE MULLIN et al.,**          )
          )
   **Respondents.**          )

## REPORT AND RECOMMENDATION

Petitioner Harshdeep Singh, a noncitizen[1] and citizen of India, proceeding with counsel, filed a Petition for Writ of Habeas Corpus challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1).[2] Chief United States District Judge Scott L. Palk referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court **grant the Petition, in part,** and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Petitioner also filed an Emergency Motion for Expedited Consideration of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, *see* ECF No. 12, which should be found moot upon the adjudication of this Report and Recommendation.

## I.   BACKGROUND

Petitioner, a citizen of India entered the United States on or about October 6, 2023 at the Yuma, Arizona border patrol station. (ECF No. 7-1:1, 7-2:1). Petitioner did not have a valid visa or other valid identification documents. (ECF No. 7-1:1). The various exhibits submitted by Respondents create confusion regarding what exactly happened next with Petitioner's case. Exhibit 2 is a "Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act." This document is dated October 6, 2023 and records an interview with Petitioner where he explains that he has a fear of persecution or harm if he returns to his home country of India. (ECF No. 7-2). Exhibit 3 is a "Notice and Order of Expedited Removal" also dated October 6, 2023 which finds that Petitioner is inadmissible to the United States under Section 212(a)(7)(A)(i)(I) which applies when the noncitizen lacks proper documentation. The document indicates Petitioner is ordered removed, but does not indicate where Petitioner is to be removed or when or anything further on the matter. *See* ECF No. 7-3.

Approximately six weeks later, on November 16, 2023, Petitioner was interviewed by immigration officials regarding whether Petitioner had a credible fear of returning to his home country of India. *See* ECF Nos. 7-4 & 7-5. The interviewer stated that Petitioner's testimony was credible, but then the interview findings also stated the following:

> The Asylum Officer informed the individual that the officer had determined, based upon the individual's testimony and the other evidence in the record, that the individual is subject to the condition of asylum eligibility under 8 CFR § 208.33(a), and therefore has not established a credible fear of persecution with respect to their application for asylum.

(ECF No. 7-5:2). On November 18, 2023, DHS issued Petitioner a "Notice to Appear" stating that the Section 235(b)(1) order (the October 6, 2023 order of removal, *see* ECF No. 7-3) was vacated pursuant to 8 C.F.R. 208.30 because an asylum officer has found that Petitioner established a credible fear of persecution or torture if returned to India. *See* ECF No. 7-1. In that notice, a hearing was scheduled before an immigration judge on January 4, 2024. *See id.* On December 15, 2023, Petitioner was released from ICE custody subject to an Order of Supervision on his own recognizance. (ECF No. 7-6).

On March 16, 2026, Oklahoma Highway Patrol encountered Petitioner while responding to a motor vehicle accident. (ECF No. 7-8:2). A warrant was issued for Petitioner's arrest on that date and Petitioner was taken into ICE custody where he remains, currently detained at the Cimmaron Correctional Facility in Cushing, Oklahoma.[3] Citing Exhibit No. 10, Respondents state that a master hearing in this case was set for April 17, 2026, with the Aurora, Colorado Immigration Court. (ECF No. 7:17). Respondents failed to attach said exhibit. A current public records search reveals that Petitioner is scheduled for an individual hearing on July 15, 2026.[4]

---

[3] *See* https://locator.ice.gov/odls/#/details (last visited May 12, 2026).

[4] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited May 12, 2026).

## II.   PETITIONER'S CLAIMS

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act (INA)**

- **Count II: A Violation of Due Process**

(ECF No. 1:8-9). Petitioner asks the Court to "Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner under the terms of his prior release or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days." (ECF No. 1:10). Petitioner also requests additional injunctive and declaratory relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[5] (ECF No. 1:10-11).

## III.   STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

## IV.    ANALYSIS

### A.    Section 1226(a) Applies to Petitioner's Detention

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more

generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner argues he is not an arriving alien "seeking admission" within the meaning of 8 U.S.C. § 1225(b). (ECF No. 1:8-9). According to Petitioner, "DHS previously released Petitioner into the interior of the United States, where he lived in the community for more than two years under government supervision." (ECF No. 1:8). Therefore, Petitioner argues, "Respondents may not now treat him as though he remained detained at the threshold of entry and categorically ineligible for bond under § 1225(b)(2)(A) . . . [and the] application of § 1225(b)(2) to Petitioner therefore unlawfully mandates his continued detention and violates the INA." (ECF No. 1:8-9). Respondents argue that Petitioner is subject to mandatory detention under Section 1225(b) because he is an alien seeking asylum. (ECF No. 7:21-22). There appears to be confusion by both parties regarding the effect of Petitioner's asylum proceedings on his current detention, with Respondents stating: "Petitioner *should have been subject to mandatory detention* from his initial arrest in 2023 through the present. The fact that Petitioner was no longer in expedited removal proceedings when he was re-arrested in March 2026 doesn't change that his detention has been, and remains, mandatory." (ECF No. 7:22). But the fact remains that

ICE officials released Petitioner on his own recognizance on December 15, 2023, subject to an Order of Supervision on his own recognizance. (ECF No. 7-6).[6]

Because Petitioner was recently apprehended in the interior of the country and had been living in the United States for more than two years since he was released, the undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1) "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen arriving in the United States." *Id.* (emphasis added) (citation modified); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 307 (E.D.N.Y. 2025) (finding petitioner, arrested in New York in October 2025, "can no longer be classified as a noncitizen 'who is arriving in the United States' even though she was initially detained as such in Texas in September 2021"). As such, Petitioner's current detention is not governed by § 1225(b)(1).

The undersigned instead concludes § 1226(a) governs Petitioner's detention—consistent with decisions of this Court and this District holding that when the provisions in § 1225 do not apply, more general provisions of § 1226 apply. *See, e.g., Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D.

---

[6] Despite being specifically ordered by this Court to provide such documentation, *see* ECF No. 5:2, Respondents fail to attach the Order of Supervision.

Okla. Jan. 21, 2026) (finding § 1225(b)(2)(A) inapplicable to petitioner's detention and the more general § 1226(a) governed his detention); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026) (same); *Valdez v. Holt*, No. CIV-25- 1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) (same); *Colin v. Holt*, CIV 25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025) (same); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025) (same). This conclusion is consistent with other courts in the Tenth Circuit analyzing this question. *See Khubiev v. Baltasar*, No. 25-CV-03955, 2026 WL 864237, at *5 (D. Colo. Mar. 30, 2026) (agreeing with petitioner that his detention is governed by § 1226(a) "because it arises from removal proceedings initiated years after his release [on parole] into the United States"); *Rafibaev*, 2026 WL 607559, at *5 (finding § 1226 rather than § 1225(b)(1) governed detention of petitioner who had previously entered the United States through a port of entry and was subsequently paroled); *Murzi v. Noem*, No. 26-CV-00359, 2026 WL 395111, at *1 (D. Colo. Feb. 12, 2026) (acknowledging rulings by several courts that "paroled petitioners who go on to live in the United States have been released on their own recognizance, and therefore that § 1226, rather than § 1225 applies"). Many district courts outside the Tenth Circuit have similarly ruled. *See, e.g., Suarez-Lugo v. Bondi*, No. 26-CV-00029, 2026 WL 332317, at *9 (S.D. Tex. Feb. 6, 2026) (finding petitioner, "as someone who was previously paroled from custody and continuously resided in the United States while on parole for over two years, is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)."); *Ahmadi v. Becerra*, No. 25-cv

01044, 2026 WL 309561, at *10 (E.D. Cal. Feb. 5, 2026) ("8 U.S.C. § 1226(a ) attaches as the governing legal scheme. Because Petitioner was released on his own recognizance after his initial detention at the border, he is also ineligible for expedited removal proceedings as he has been 'paroled' within the meaning of section 1225(b)(1)." (citation modified)); *Aviles-Mena v. Kaiser*, No. 25-cv-06783, 2025 WL 2578215, at *4 (N.D. Cal. Sep. 5, 2025) (finding "section 1225(b)(1) does not authorize designation for expedited removal of any noncitizen who has, at any point in time, been paroled into the United States" because "under the plain meaning of section 1225(b)(1), [petitioner] no longer qualifies for expedited removal because he was paroled into the United States and has been living and working in the United States for three years" (citation modified)).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral immigration judge (IJ) within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

## V.    PETITIONER'S REMAINING CLAIMS

Petitioner also argues a violation of due process and he seeks additional declaratory and injunctive relief. *See supra*. But if the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of the remaining claim or claims for declaratory and injunctive relief. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec.

16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days at which the Government bears the burden of proof or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **May 19, 2026**. *See id*. If a party wishes to respond to the other party's objections, such response must be filed not later than **May 22, 2026**. *See* Fed. R. Civ. P.72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.   STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on May 12, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE