**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARSHDEEP SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-601-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Harshdeep Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Petitioner and Respondents have filed an Objection, [Doc. Nos. 11, 12], and the matter is at issue.[1]

The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

---

[1] Citations to the parties' briefing submissions and record reference the Court's ECF pagination.

## I.     <u>Background</u>

Petitioner is a citizen of India.  On or around October 6, 2023, Petitioner entered the United States at the Yuma, Arizona border patrol station.  On the same day, Petitioner was issued a Notice and Order of Expedited Removal finding that Petitioner is inadmissible to the United States under Section 212(a)(7)(A)(i)(I).[2]

On November 13, 2023, Petitioner was interviewed by immigration officials regarding whether Petitioner had a credible fear of returning to his home country of India. On November 18, 2023, the Department of Homeland Security (DHS) issued Petitioner a "Notice to Appear", vacating the October 6, 2023, Order of Removal.  On December 15, 2023, Petitioner was released from Immigration and Customs Enforcement (ICE) custody subject to an Order of Supervision on his own recognizance.

On March 16, 2026, ICE re-detained Petitioner, after taking custody of him from Oklahoma Highway Patrol.  Petitioner is currently detained in the Cimarron Correctional Facility.[3]  Petitioner is scheduled for an individual hearing with the Aurora, Colorado Immigration Court on July 15, 2026.[4]

On March 24, 2026, Petitioner filed this action.  He claims violations of the Immigration and Nationality Act (INA) and a violation of his due process rights under the

---

[2] The record before the Magistrate Judge was not clear as to where Petitioner was to be removed, or when, or anything further as related to Petitioner's Notice and Order of Expedited Removal.

[3] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 5, 2026).

[4] The Court notes that Respondents failed to attach any exhibit in support of Petitioner's purported upcoming hearing. The Magistrate Judge then conducted a public records search to confirm details of the hearing.

Fifth Amendment to the United States Constitution.  R&R [Doc. No. 10] at 4.  Petitioner requests that he be released under the terms of his prior release, or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days. Petitioner also requests additional injunctive and declaratory relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").

II.    **Discussion**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court decline to address Petitioner's due process claim and requests for additional declaratory and injunctive relief.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention.  The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044

3

(2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[5]  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

Respondents also assert in their Objection that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2), because on revocation of his conditional parole, Petitioner is to be treated as if he is still at the border.  The Court concurs with the Magistrate Judge's findings and rejects Respondents' position.  Courts have found that 1225(b)(2) does not apply in circumstances, like Petitioner's, where the noncitizen has resided in the country for several years before their parole is revoked.  *See Kumar v. Johnson*, 2026 WL 937560, at *1-2 (W.D. Okla. Apr. 7, 2026) (rejecting respondents' argument that § 1225(b)(2) controls the detention of a petitioner who was initially released on parole under 8 U.S.C. § 1182(d)(5)(A) and later re-detained); *Capote Zamora v. Mullin*, No. 26-CV-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026) ("[R]egardless of whether petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) upon his initial entry into the United States, petitioner's detention did not revert back to § 1225 when his parole was terminated."); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *4

---

[5] To date, the Tenth Circuit has not ruled on the issue. *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).

4

(S.D.N.Y. Apr. 3, 2026) (rejecting Respondents' argument that Petitioner was detained under § 1225(b)(2) after revocation of parole); *see also Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 at *15 (2d Cir. April 28, 2026) (rejecting Respondents' "entry fiction" arguments in the context of 8 U.S.C. §  1225(b)(2)).

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court accordingly adopts its reasoning set forth in *Lopez*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7.  In doing so, the Court concurs with the Magistrate Judge and finds that 1226(a) controls Petitioner's detention.

Petitioner objects to the extent that the Report and Recommendation declines to reach the merits of Petitioner's due process claim and "preserves" his due process arguments.  Pet'r Obj [Doc. No. 12].  The Court does not find these arguments persuasive. As another court in this Judicial District explained when addressing a similar objection, "a district court is not obligated to adopt the precise remedy requested in the Petition and may decline to decide the merits of remaining claims as it deems appropriate."  *Sanchez-Gilly v. Noem*, CIV-26-139-J, 2026 WL 674200, at *2 (W.D. Okla. Mar. 10, 2026) (citing 28 U.S.C. § 636(b)(1); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okl.*, 8 F.3d 722, 724 (10th Cir. 1993)).  Further, Petitioner presents no legal authority that suggests that a district court must rule on every claim or must make specific instructions regarding the bond hearing. Because the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claim.

## III.    Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART.

IT IS FURTHER ORDERED that Respondents provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business (5) days of this Order or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The Court finds no further relief is warranted.[6]

IT IS SO ORDERED this 9th day of June, 2026.


_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he "must seek those separately after a final judgment." *See* R&R [Doc. No. 10] at 4, n. 5 (citations omitted).

6